IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT LOUIS GLIDEWELL, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | |
| : | No. 5:08-CV-394 (CAR) |
| ANTHONY WASHINGTON, : | |
| : | |
| Respondent. : | |
| _____ : | |

ORDER ON RECOMMENDATION

Before the Court is Petitioner Robert Louis Glidewell's "Demand for Appointment of Counsel"[1] [Doc. 27], Petitioner's Motion to Stay [Doc. 28], and the United States Magistrate Judge's Recommendation [Doc. 25] to deny Petitioner's 28 U.S.C. § 2254 petition seeking habeas corpus relief [Doc. 1]. Upon consideration and for the reasons set forth herein, Petitioner's Motion for Appointment of Counsel [Doc. 27] is **DENIED**, Petitioner's Motion to Stay [Doc. 28] is **DENIED**, and the United States Magistrate Judge's Recommendation [Doc. 25] to deny Petitioner's habeas corpus petition [Doc. 1] is **ADOPTED** and **MADE THE ORDER OF THE COURT**.

---

[1] The Court will construe Petitioner's "Demand" as a Motion.

1

**Motion for Appointment of Counsel**

Presumably upon receipt of the Magistrate Judge's Recommendation to deny his petition, Petitioner filed his third Motion to Appoint Counsel arguing that the issues are legally complex. [Doc. 27]. However, as previously explained in the Court's prior orders, the issues in this case are not legally complex. [See Docs. 8, 21]. Because the issues in this action have not changed since this Court's last order denying appointment of counsel, the Court maintains its earlier finding and denies Petitioner's Motion.

Generally speaking, no right to counsel exists in civil actions. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985); Mekdeci v. Merrel Nat'l. Lab., 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the petitioner's claim and the complexity of the issues presented. See Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989).

Applying the standards set forth in Holt, the essential facts and legal doctrines in this case are ascertainable by Petitioner without the assistance of court-appointed legal counsel, and Petitioner has not shown the existence of exceptional circumstances.

2

The Recommendation to deny his petition alone does not give rise to the conclusion that the legal issues raised therein are complex or that Petitioner's rights have been prejudiced without legal counsel. Accordingly, Petitioner's Motion for Appointment of Counsel [Doc. 27] is **DENIED**.

## Motion to Stay

Next, Petitioner alleges that the transcript of his state habeas court evidentiary hearing, Respondent's Exhibit 8, is incomplete. Consequently, Petitioner requests a stay allowing him time to verify the exhibit's accuracy. In his Motion, Petitioner does not identify what portion of the 2600-page exhibit he believes is inaccurate. However, in his Objection to the Recommendation, Petitioner argues that the state habeas court did not include his brief and notes in the record. [Doc. 26]. Accordingly, the Court will discuss Petitioner's Motion in the context of this argument.

A thorough review of the record indicates that Petitioner's brief and supplemental notes were incorporated in the state habeas court record and were entered into this Court's record as Respondent's Exhibit 4 [Docs. 13-4, 5] and Respondent's Exhibit 8 [Doc. 14]. Respondent's Exhibit 4 contains Petitioner's Traverse to Respondent's Answer, and Respondent's Exhibit 8 contains Petitioner's supplemental notes to Petitioner's Traverse. Accordingly, the Court concludes that

3

because these documents are part of the record, Petitioner's Motion to Stay challenging the inaccuracy of the record is without merit. Additionally, in light of the argument raised in his Objection, the Court has thoroughly considered this portion of the record and concluded that Petitioner's argument is without merit and his request for a stay is unwarranted. Accordingly, Petitioner's Motion to Stay [Doc. 28] is **DENIED**.

**Recommendation to Deny Habeas Corpus Relief**

Finally, the Magistrate Judge recommends that Petitioner's petition be denied because the grounds raised fail to state a claim or are procedurally defaulted. [Doc. 25]. Petitioner subsequently filed an Objection to the Recommendation. [Doc. 26]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's Objection and has made a *de novo* determination of the portions of the Recommendation to which Petitioner objects, and finds the Objection to be without merit.

Throughout his Objection, Petitioner advances several arguments based on a misunderstanding of the applicable law. Citing "Gomez, supra,"[2] Petitioner contends

---

[2] Despite Petitioner's ambiguous reference, the Court found only one case in which Petitioner could be potentially referring, Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2008). Accordingly, the Court will address Petitioner's Objection using the holding in Gomez-Diaz.

4

that because he is proceeding *pro se*, he is not required to show that the grounds within his petition might have merit. [See Doc. 26, p. 8, 9, 11, 15, 17]. In <u>Gomez-Diaz v. United States</u>, 433 F.3d 788 (11th Cir. 2008), the Eleventh Circuit held that prejudice is presumed in an ineffective assistance of counsel claim, regardless of whether the petitioner had shown that adequate grounds for an appeal existed. 433 F.3d at 791.

Here, Petitioner is not claiming that his attorney failed to file a notice of appeal as he had requested and therefore that he was denied effective assistance of counsel. More importantly, it is clear that <u>Gomez-Diaz</u> in no way stands for Petitioner's broad assertion that a *pro se* petitioner does not have to establish that the grounds for habeas relief have merit. This is especially true in light of the fact that ten of Petitioner's eleven grounds for habeas relief are procedurally defaulted. See <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1303 (11th Cir. 1999) (holding that federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless petitioner can show either (1) cause for failure to properly present the claim and actual prejudice from default, or (2) a fundamental miscarriage of justice would result if the claim were not considered).

Petitioner's remaining objections are also without merit, and this Court agrees with the findings and conclusions of the United States Magistrate Judge. The

5

Recommendation [Doc. 25] to deny Petitioner's Petition [Doc. 1] is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Appointment of Counsel [Doc. 27] is **DENIED**, Petitioner's Motion to Stay [Doc. 28] is **DENIED**, and the United States Magistrate Judge's Recommendation [Doc. 25] to deny Petitioner's habeas corpus petition [Doc. 1] is **ADOPTED** and **MADE THE ORDER OF THE COURT**. Petitioner's Petition [Doc. 1] is **DENIED**, and a certificate of appealability is **DENIED**.

**SO ORDERED,** this  24th day of February, 2012.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH